IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

      Plaintiff,                    No. CIV S-10-2562 KJM P

   vs.

C.M.F. STATE PRISON, et al.

      Defendants.          <u>ORDER</u>

                         /

         Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1  /////

2  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
3  U.S.C. § 1915A(b)(1),(2).

4  A claim is legally frivolous when it lacks an arguable basis either in law or in
5  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
6  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
7  indisputably meritless legal theory or where the factual contentions are clearly baseless.
8  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
9  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
10 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

11 In order to avoid dismissal for failure to state a claim a complaint must contain
12 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
13 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
14 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
15 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
16 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
17 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
18 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
19 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
20 granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),
21 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes,
22 416 U.S. 232, 236 (1974).

23 The court finds the allegations in plaintiff's complaint so vague and conclusory
24 that it fails to state a claim upon which relief can be granted.  To the extent the court understands
25 the basis of plaintiff's complaint, it appears to be based on a single instance of a female officer's
26 observing plaintiff as he used the urinal.  Inmates do retain a limited right to bodily privacy,

Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988), but it is not clear that right is violated by a single inadvertent viewing of an inmate's use of the bathroom, even by members of the opposite sex.  See Somers v. Thurman, 109 F.3d 614, 620 (9th Cir. 1997).  Because the allegations are vague, however, the court cannot tell whether plaintiff alleges only a single viewing or a different problem.

In addition, plaintiff names as defendants only the prison itself and the "division of grounds," without naming any individual responsible for a policy or a design that permits such observations or the officer who allegedly viewed his use of the urinal.  To proceed with a civil rights action, plaintiff must connect named defendants clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference requires that official know of and disregard an "excessive risk"); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury).  The complaint does not connect anyone with the claimed violation of rights.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

3

1 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED:  November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2
smit2562.14(9-20)